IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD C. COMBS,<br><br>     Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>     Defendant. | Civil Action File<br>No. 1:22-CV-04483-ELR |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.   Description of Case**

**(a)   Describe briefly the nature of this action.**

Plaintiff Ronald C. Combs ("Combs") filed a complaint for breach of insurance contract against Auto-Owners Insurance Company ("Auto-Owners") in the Superior Court of Gwinnett County, State of Georgia on September 30, 2022. On November 10, 2022, Auto-Owners filed a notice of removal with the United States District Court for the Northern District of Georgia, Atlanta Division based on this Court's original jurisdiction under the provisions of Title 28 of the United States Code, § 1332 and Title 28 of the United States Code, § 1441.

- 2 -

**(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

Combs filed this lawsuit against Auto-Owners in connection with an automobile accident which occurred on April 30, 2020 in St. Augustine, St. John's County, Florida. Combs was driving his vehicle when Brian N. Moore allegedly disregarded a lawful traffic control device, failed to yield right of way, and negligently stuck Combs' vehicle with his own vehicle.

Brian N. Moore was allegedly uninsured at the time of the accident. Combs contends that he is a named insured under an automobile insurance policy issued by Auto-Owners, which provides uninsured/underinsured motorist insurance coverage with limits of $300,000.00, subject to certain terms, conditions, limitations, and applicable Georgia and/or Florida law. On August 11, 2022, Combs obtained a judgment against Brian N. Moore in the amount of $333,214.52 for his negligence in causing Combs' injuries. The present lawsuit is a direct action against Auto-Owners' for its alleged wrongful failure to pay Combs' uninsured motorist claim arising from the accident and judgment.

**(c)**     **The legal issues to be tried are as follows:**

**By Plaintiff Combs:**

    1)     The amount owed by Defendant to Plaintiff as a result of his uninsured motorist claim and the judgment rendered against the tortfeasor;

    2)     Whether Defendant acted in bad faith by failing to timely pay the uninsured motorist claim to its insured driver, the Plaintiff herein; and

    3)     Whether the Defendant owes penalties for bad faith, assessed attorney fees, and costs of litigation and in what amount.

**By Defendant Auto-Owners:**

    1)     Whether the injuries forming the basis of the judgment were caused by the accident; and

    2)     Whether a policy issued by Auto-Owners affords uninsured/underinsured motorist coverage to Plaintiff Combs for the judgment.

    3)     Whether Plaintiff complied with the conditions precedent to recovery under the applicable policy and law.

    **(d)**    **The cases listed below (include both style and action number) are:**

    (1)    Pending Related Cases:  N/A

    (2)    Previously Adjudicated Related Cases:  <u>Ronald C. Combs v. Bryan Nathaniel Moore</u>, Civil Action No. CA22-0156, in the Seventh Judicial Circuit of St. Johns County, State of Florida.

**2.**    **This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_\_ (1)    Unusually large number of parties (potentially)
    \_\_\_\_\_ (2)    Unusually large number of claims and defenses
    \_\_\_\_\_ (3)    Factual issues are exceptionally complex
    \_\_\_\_\_ (4)    Greater than normal volume of evidence
    \_\_\_\_\_ (5)    Extended discovery period is needed
    \_\_\_\_\_ (6)    Problems locating or preserving evidence
    \_\_\_\_\_ (7)    Pending parallel investigations or action by government
    \_\_\_\_\_ (8)    Multiple use of experts
    \_\_\_\_\_ (9)    Need for discovery outside United States boundaries
    \_\_\_\_\_ (10)    Existence of highly technical issues and proof
    \_\_\_\_\_ (11)    Unusually complex discovery of electronically stored information

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff Ronald C. Combs:    Neal B. Graham, Esq.
    GRAHAM LAW, LLC
    3715 Vineville Avenue
    Macon, Georgia 31204
    Telephone:  (478) 284-0000
    Email: nealgraham45@icloud.com

Defendant Auto-Owners
Insurance Company:                    Michael C. Kendall, Esq.
                                      KENDALL MANDELL, LLC
                                      3152 Golf Ridge Blvd., Suite 201
                                      Douglasville, Georgia  30135
                                      Telephone: (770) 577-3559
                                      Email:  mckendall@kendallmandell.com

**4.     Jurisdiction:**

**By Plaintiff Combs:**

Is there any question regarding this Court's jurisdiction?
___ Yes        ___ No       <u>Unknown pending discovery.</u>

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

<u>N/A</u>

**By Defendant Auto-Owners:**

Is there any question regarding this Court's jurisdiction?
___ Yes        **_X_** No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

<u>N/A</u>

5. **Parties to This Action:**

**By Plaintiff Combs:**

(a) The following persons are necessary parties who have not been joined: N/A

(b) The following persons are improperly joined as parties: N/A

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: N/A

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**By Defendant Auto-Owners:**

(a) The following persons are necessary parties who have not been joined: Owners Insurance Company

(b) The following persons are improperly joined as parties: Auto-Owners Insurance Company.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: N/A

(e) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: Any motions to add necessary parties or correct any misnomer of parties named.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1

(c) Other Limited Motions: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(f) Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

### 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. Note: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

<u>The parties do not object to preparing and serving initial disclosures</u>.

### 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

<u>The parties do not request a scheduling conference at this time</u>.

### 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-month discovery period, and (c) eight (8)-month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

#### **<u>By Plaintiff Combs:</u>**

Plaintiff anticipates filing written discovery and at least one deposition of representative of Defendant insurer. This preliminary discovery would be limited to issues regarding diversity of jurisdiction, coverage under the UM policy, notice and

adjustment of Plaintiff's uninsured motorist claim and the terms of Defendant's insurance contract with Plaintiff.

### **By Defendant Auto-Owners:**

Auto-Owners anticipates that the discovery needed in this matter is limited to causation of Plaintiff's injuries, coverage for the judgment, and whether conditions precedent to recovery were met.

Parties agree that a four (4)-month discovery period will be sufficient.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Not applicable.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

At this time, neither Defendant nor Plaintiff anticipate that changes or limitations should be imposed upon discovery under the Federal Rules of Civil Procedure or Local Rules of this Court.

(b)   Is any party seeking discovery of electronically stored information?

  X    Yes     _____ No

If "yes"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties will reasonably restrict any request for electronically stored information by date, subject matter, author, recipient, or the like. Moreover, the parties agree to meet and confer in good faith and according to applicable rules regarding the scope of any discovery seeking electronically stored information.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a conference with the Court.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties are in agreement that electronically stored information will be produced in paper format, electronic format (including PDF), or any other format agreed to by the parties. In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a conference with the Court.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

<u>Plaintiff and Defendant may request a protective order, depending on discovery requested.</u>

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they met **by telephone** at an early planning conference that was held on **December 1, 2022** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Defendant Auto-Owners:  Lead counsel (signature):  <u>*/s/ Michael C. Kendall*</u>

For Plaintiff Combs: Lead counsel (signature): <u>*/s/ Neal Graham*</u>

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

  (  )      A possibility of settlement before discovery.

  ( **X** )   A possibility of settlement after some discovery.

  (  )      A possibility of settlement, but a conference with the judge is needed.

  (  )      No possibility of settlement.

(c)   Counsel (**X**) do or (  ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **to be determined**.

(d)   The following specific problems have created a hindrance to settlement of this case:  <u>N/A</u>

14. **Trial by Magistrate Judge:**

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction to a United States Magistrate Judge form has been submitted to the clerk of this court this ___ day of _____, 2022.

(b) The parties ( **X** ) do not consent to having this case tried before a magistrate judge of this Court.

This 15th day of December, 2022.

Respectfully submitted,

| GRAHAM LAW, LLC | KENDALL | MANDELL, LLC |
|---|---|

*/s/ Neal B. Graham*  
Neal B. Graham, Esq.  
Georgia Bar No. 304660  
*(Signed with express permission By Michael C. Kendall)*  
3715 Vineville Avenue  
Macon, Georgia 31204  
Telephone: (479) 284-0000  
Nealgraham45@icloud.com  
*Counsel for Plaintiff*

*/s/ Michael C. Kendall*  
Michael C. Kendall, Esq.  
Georgia Bar No. 414030  
3152 Golf Ridge Blvd., Suite 201  
Douglasville, Georgia 30135  
Telephone:  (770) 577-3559  
Facsimile:   (770) 577-8113  
mckendall@kendallmandell.com  
*Counsel for Defendant*

\*\*\*\*\*\*\*\*\*\*\*\*\*

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____
_____
_____

IT IS SO ORDERED, this _____ day of_____, 2022.


_____
HON. ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE