IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD C. COMBS,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>    Defendant. | Civil Action File<br>No. 1:22-CV-04483-ELR |

## DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S INITIAL DISCLOSURES

COMES NOW AUTO-OWNERS INSURANCE COMPANY, Defendant in the above-styled action, and pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and Local Rule 26.1, provides the following as its initial disclosures:

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Auto-Owners Insurance Company is properly identified in so far as its name is concerned; however, it did not issue a policy of insurance to Plaintiff.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action but have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Owners Insurance Company is a necessary party to this action and has not been named by Plaintiff. Plaintiff has only named Auto-Owners Insurance Company as a defendant in this lawsuit. Auto-Owners Insurance Company did not issue a policy to Plaintiff. Instead, Owners Insurance Company issued the relevant policy. Accordingly, Auto-Owners Insurance Company has been improperly named and joined in this lawsuit.

**(3) Provide a factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Plaintiff fails to state a claim against Defendant upon which relief can be granted as Defendant has not failed to perform any obligation or duty owed to Plaintiff under the insurance contract at issue. Plaintiff has not identified the policy provisions allegedly breached. Further, Plaintiff has not pled the facts sufficient to support a bad faith claim. Moreover, Defendant has acted in good faith and with reasonable and probable cause with respect to the actions it has taken.

Defendant is an improperly joined party in this action. Owners Insurance Company issued the policy at issue. Auto-Owners Insurance company is not the real party in interest. Additionally, the judgment Plaintiff obtained against Brain N. Moore is a default judgment. A default judgment is not binding on either Auto-Owners Insurance Company or Owners Insurance Company.

Plaintiff breached conditions precedent to coverage under the insurance contract by failing to cooperate; failing to provide a statement; and failing to provide documents requested- all in violation of the terms and conditions of the policy.  Plaintiff failed to serve Auto-Owners in the lawsuit wherein Plaintiff obtained his judgment, as required by the policy and applicable law. See O.C.G.A. § 33-7-11(d), and the statute of limitations has expired.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

(a) Insurance contract interpretation: O.C.G.A. § 32-24-16; Fidelity & Deposit Co. of Maryland v. Sun Life Ins. Co. of America, 174 Ga. App. 258, 329 S.E. 517 (1985); Brown v. Peninsular Fire Ins. Co., 171 Ga. App. 507, 320 S.E.2d 208 (1984); Nelson v. So. Guaranty Ins. Co., 221

Ga. 804, 147 S.E.2d 424 (1966); Garmany v. Mission Ins. Co., 785 F.2d 941 (11th Cir. 1986 (applying Georgia law)).

(b) UM Statute: O.C.G.A. § 33-7-11(d).

(c) Limitations: O.C.G.A. § 9-3-33.

(d) Bad faith penalties: O.C.G.A. § 33-4-6; Forston v. Cotton States Mutual Ins. Co., 168 Ga. App. 155 (1983); Massachusetts Bay Ins. Co. v. Hall, 196 Ga. App. 349 (1990); Grange Mut. Cas. Co. v. Law, 223 Ga. App. 748, 750 (1996); Winningham v. Centennial Ins. Co., 708 F.2d 658 (11th Cir. 1983); Interstate Life & Accident Ins. Co. v. Williamson, 220 Ga. 323 (1964); Royal Ins. Co. v. Cohen, 105 Ga. App. 746 (1962).

(e) The authority set forth above is illustrative of the principles which Defendant contends are applicable to this action. The list is not intended by Defendant to be an exhaustive list of all authority applicable to this litigation and which may become known to Plaintiff during this course of action.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying**

**the subjects of the information (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B).**

Not applicable at this time.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not**

**privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Defendant claims no damages at this time.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Brian N. Moore is, in whole or in part, liable to Plaintiff in this matter. Plaintiff obtained a judgment against Brian N. Moore in the amount of $333,214.52 for his negligence in causing Plaintiffs' injuries. The current/last known address of Brain N. Moore is St. Johns County Jail, 3955 Lewis Speedway, St. Augustine, Florida 32084.

**(10)   Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the**

- 7 -

**judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)**

Not applicable.

This 10th day of January, 2023.

                                     Respectfully submitted,

                                     KENDALL | MANDELL, LLC

                                     /s/ Michael C. Kendall
                                     Michael C. Kendall
                                     Georgia Bar No. 414030
                                     John C. Kendall
                                     Georgia Bar No. 156155
                                     *Attorneys for Defendant*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:  (770) 577-3559
Facsimile:    (770) 577-8113
mckendall@kendallmandell.com
jckendall@kendallmandell.com

## Attachment "A"

1. Sharon Grimsley, Auto-Owners Insurance Company. Ms. Grimsley may be contacted through the undersigned counsel of record. Ms. Grimsley has knowledge regarding the claims which are the subject of this litigation and the policy issued.

2. Ronald Combs. Mr. Combs may be contacted through his counsel of record. Mr. Combs likely has information regarding the incident, the policy, and the lawsuit.

3. John W. Leonard, Partner, ORR | COOK; The Bank of America Tower, 50 North Laura Street, Suite 1675, Jacksonville, Florida 32202. (904)358-8300. Mr. Leonard has information concerning communications with counsel for Plaintiff concerning his claim, lawsuit, judgment, and attempt to collect.

4. Auto-Owners further states that discovery has just begun in this case and it will supplement this information in accordance with the Federal Rules of Civil Procedure.

## **Attachment "C"**

1. The insurance contract Owners issued to Plaintiff Ronald Combs, policy number 52-635-816-01, with an effective term of January 1, 2020 to January 1, 2021, subject to certain terms, conditions, and applicable law.

2. Correspondence amongst and between the parties to this dispute related to coverage obligations under the policy that is not privileged or otherwise protected from disclosure;

3. The police report.

4. Photos related to the incident.

5. Pleadings from <u>Ronald C. Combs v. Bryan Nathaniel Moore</u>, Civil Action No. CA22-0156, in the Seventh Judicial Circuit of St. Johns County, State of Florida.

    Auto-Owners further states that discovery has just begun in this case and it will supplement this information in accordance with the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD C. COMBS,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>    Defendant. | Civil Action File<br>No. 1:22-CV-04483-ELR |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Auto-Owners Insurance Company's Initial Disclosures** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

Neal B. Graham, Esq.
GRAHAM LAW, LLC
3715 Vineville Avenue
Macon, Georgia 31204

    This 10th day of January, 2023.

                                          /s/ Michael C. Kendall
                                          Michael C. Kendall