IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD C. COMBS,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>    Defendant. | Civil Action File<br>No. 1:22-CV-04483-ELR |

**AUTO-OWNERS INSURANCE COMPANY'S**
**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME**
**TO FILE RESPONSIVE BRIEF**

COMES NOW AUTO-OWNERS INSURANCE COMPANY ("Auto-Owners"), Defendant in the above-styled action, and files this Brief in Opposition to Plaintiff's Motion to Extend Time to File Responsive Brief [Doc. 29], showing this Honorable Court as follows:

**STATEMENT OF FACTS**

In accordance with the scheduling order entered by this Court, Auto-Owners filed its motion for summary judgment on July 14, 2023. [Doc. 28]. The motion and related documents were served on counsel for Plaintiff via the CM/ECF system on that same date at the email address listed as nealgraham45@icloud.com.

See Exhibit A, attached hereto. Plaintiff's response was due filed by August 4, 2023. LR 56.1(A), NDGa.

On August 10, 2023, after Plaintiff failed to file any response at all to Auto-Owners' motion, the Court issued an electronic notification to the parties that the motion for summary judgment had been submitted to District Judge Eleanor L. Ross. See Exhibit B, attached hereto. On that same date, the notice of submission to Judge Ross was also served on counsel for Plaintiff via the CM/ECF system at the email address listed as nealgraham45@icloud.com. See Exhibit B. Within 1.5 hours of the notice of submission having been served by the Court, counsel for Plaintiff filed the motion for extension of time - which itself was out of time. See Exhibit C, attached hereto.

In the motion for extension, Plaintiff vaguely offers that "[p]laintiff did not receive or review this motion." [Doc. 29] at ¶ 1. Plaintiff does not explain how he received every other filing in this case at the email addressed listed with the CM/ECF system, but not the motion for summary judgment. In fact, Plaintiff's counsel filed the instant motion, listing the same email address on the signature line and also admitted receiving the notice of submission to Judge Ross at the same email address. [Doc. 29]. Plaintiff cites no authority in support of his motion and offers no evidence of excusable neglect whatsoever.

## ARGUMENT AND CITATION OF AUTHORITY

In *Scissum v. Hawkside Fin., Inc.*, No. 1:17-cv-00645-ELR-RGV, 2017 U.S. Dist. LEXIS 220081, 2017 WL 8217641, at *6 (N.D. Ga. Dec. 5, 2017), this Court denied an out of time motion for extension to respond to a pending motion because no excusable neglect was shown. In doing so, this Court succinctly outlined the law applicable to Plaintiff's motion, and Auto-Owners reiterates the Court's recitation of the applicable law here.

"Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty-one (21) days after the service of the motion." LR 7.1B, NDGa. "The Local Rules clearly state that the failure to timely file a response shall indicate that there is no opposition to the motion." *Rinehart v. GFI Mgmt. Servs.*, 1:13-CV-03304-ELR, 2016 U.S. Dist. LEXIS 191171, 2016 WL 9455424, at *1 (N.D. Ga. Oct. 4, 2016) (citing LR 7.1B, NDGa.). "The Local Rules notwithstanding, Federal Rule of Civil Procedure 6(b)(1)(B) allows a Court to extend time to respond if the party failed to act because of excusable neglect." *Id.*; *see also McDuffie v. Broward Cty.*, 654 F. App'x 408, 412 (11th Cir. 2016) (per curiam) (unpublished) (citation omitted); Fed. R. Civ. P. 6(b)(1) ("When an

act may or must be done within a specified time, the court may, for good cause, extend the time[] . . . on motion made after the time has expired if the party failed to act because [*8] of excusable neglect."). "Although under Rule 6(b) the court has the discretion to accept an untimely filing if excusable neglect is shown, the rule does not require the court to do so." *Bardfield v. Chisholm Props. Circuit Events, LLC*, No. 3:09cv232/MCR/EMT, 2010 U.S. Dist. LEXIS 54681, 2010 WL 2278461, at *3 (N.D. Fla. May 4, 2010), adopted by 2010 U.S. Dist. LEXIS 54680, 2010 WL 2278459 (N.D. Fla. June 4, 2010) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896, 110 S. Ct. 3177, 111 L. Ed. 2d 695 & n.5 (1990)).

The "determination of excusable neglect is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Blake v. Enhanced Recovery Co.*, No. 3:10-cv-1178-J-37JBT, 2011 U.S. Dist. LEXIS 91923, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011) (internal marks omitted) (*quoting Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)). When determining excusable neglect, the Court should consider the following four factors: "(1) the danger of prejudice to the [opposing party]; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the [movant]; and (4) whether the [movant] acted in good

faith." *Cordell v. Pac. Indem. Co.*, 335 F. App'x 956, 960 (11th Cir. 2009) (per curiam) (unpublished) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)); *see also Solis v. Taco Maker*, Civil Action No. 1:09-CV-3293-RWS, 2011 U.S. Dist. LEXIS 59323, 2011 WL 2181495, at *2 (N.D. Ga. June 2, 2011) (citation omitted).

In this case, Plaintiff has not adduced any evidence of excusable neglect. The only stated reason for Plaintiff's failure to respond: Plaintiff did not receive or review the motion. However, Plaintiff has not explained how this failure occurred when his counsel has filed, and continues to file, documents via the CM/ECF system using the exact same email address to which the motion for summary judgment was served. Plaintiff even filed the instant motion using the exact same email address. And, it is especially inexplicable in light of Plaintiff's immediate response to the CM/ECF system notice to his counsel that Auto-Owners' motion was submitted to the presiding judge.

Plaintiff has cited no legal authority or evidence in support of his out-of-time motion for extension. To date, Plaintiff has still not opposed Auto-Owners' motion for summary judgment. Therefore, Plaintiff's motion for an extension (and his related motion for oral argument) should be denied.

This 24th day of August, 2023.

          Respectfully submitted,

          KENDALL | MANDELL, LLC


          <u>/s/ Michael C. Kendall</u>
          Michael C. Kendall
          Georgia Bar No. 414030
          *Attorney for Defendant*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone: (770) 577-3559
Facsimile:  (770) 577-8113
mckendall@kendallmandell.com

-7-

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD C. COMBS,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>    Defendant. | Civil Action File<br>No. 1:22-CV-04483-ELR |

## **LOCAL RULE 7.1 D CERTIFICATION**

I hereby certify that the foregoing was prepared in Times New Roman, 14-point font, in accordance with LR 5.1 B, NDGa.

This 24th day of August, 2023.

/s/ Michael C. Kendall
Michael C. Kendall

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD C. COMBS,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>    Defendant. | Civil Action File<br>No. 1:22-CV-04483-ELR |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Auto-Owners Insurance Company's Brief in Opposition to Plaintiff's Motion to Extend Time** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

> Neal B. Graham, Esq.
> GRAHAM LAW, LLC
> 3715 Vineville Avenue
> Macon, Georgia 31204

This 24th day of August, 2023.

/s/ Michael C. Kendall
Michael C. Kendall